Jeannine Sano (174190)
jsano@whitecase.com
Eric Krause (257925)
ekrause@whitecase.com
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0356
Facsimile:  (650) 213-8158

Attorneys for Plaintiff
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., <br><br> Plaintiff, <br><br> v. <br><br> PERSONAL AUDIO, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Google Inc. ("Google") alleges as following as its Complaint against Defendant Personal Audio, LLC ("PA LLC"):

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,199,076 ("'076 patent") and U.S. Patent No. 7,509,178 ("'178 patent") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  True and correct copies of the '076 patent and '178 patent are attached as Exhibits 1 and 2.  Both patents expired on October 2, 2016.

2. Google requests this relief because PA LLC has alleged in a complaint filed in the Eastern District of Texas that Google infringed certain claims of the '076 and '178 patents.  *See, e.g.*, PA LLC's Am. Compl. ¶¶ 73, 81 ("Defendant directly infringes the '076 patent[/'178 patent]

by making, using, offering to sell, and selling Google tablets and phones incorporating Google Play Music in violation of 35 U.S.C. § 271(a)."). A true and correct copy of PA LLC's First Amended Complaint filed in the Eastern District of Texas is attached as Exhibit 3. Google has moved to dismiss PA LLC's amended complaint for improper venue in view of the Supreme Court's ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).

3. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-02 between Google and PA LLC as to whether the accused audio player devices with Google Play Music are licensed, whether Google and Google Play Music infringed the asserted claims of the '076 and '178 patents, and whether the asserted claims of the '076 and '178 patents are invalid.

**PARTIES**

4. Google is a Delaware corporation, headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google created Google Play Music.

5. On information and belief, PA LLC is a limited liability company organized and existing under the laws of the State of Texas, with an office location at 550 Fannin Street, Suite 1313, Beaumont, Texas 77701. PA LLC is in the business of licensing patents through litigation and has one employee, Brad Liddle, Plaintiff's CEO and General Counsel. PA LLC does not make or sell any products.

**JURISDICTION AND VENUE**

6. Google files this complaint against PA LLC pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

7. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

8. This Court has personal jurisdiction over PA LLC, which has taken specific actions in California, including in the Northern District of California. On information and belief, PA LLC has purposefully availed itself of the privileges and protections of this District by systematically pursuing patent enforcement activities and negotiating and entering into license

agreements with entities and individuals residing in California and in this District, including the '076 and '178 patents, with sufficient contacts with California and this District to be subject to personal jurisdiction in this District.

9. Specifically, on information and belief, PA LLC has contacted and negotiated with numerous entities or individuals located in this District between 2009 and 2017, including Google in Mountain View, California, with demands to obtain patent licenses to the '076 and '178 patents. On information and belief, PA LLC has settled patent infringement actions involving the asserted patents and thereby licensed, or effectively licensed, at least Acer, Apple, Inc., ASUSTek, Fuhu, Fujitsu, Huawei, Microsoft, Motorola Mobility, Inc. (formerly a subsidiary of Google Inc.), and Samsung, all of which have offices in the Northern District of California.

10. Based on the Supreme Court's decision in *TC Heartland*, the undisputed fact that Google does not reside in the Eastern District of Texas, and PA LLC's admission that it "never pled … [that Google] has a 'regular and established place of business' in the Eastern District of Texas," *see Personal Audio, LLC v. Google Inc.*, No. 1:15-cv-00350-RC, Opp'n Mot. Dismiss at 7, ECF No. 53, this dispute should be resolved in this District, where venue is proper.

11. Venue in this District is proper under 28 U.S.C. § 1391(b) because PA LLC is subject to personal jurisdiction in this District, a substantial part of the events giving rise to Google's declaratory judgment claim of non-infringement, such as the development of Google Play Music, occurred in this District. On information and belief, many of Plaintiff's licensing and enforcement activities involving the '076 and '178 patents also occurred in this District.

## INTRADISTRICT ASSIGNMENT

12. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

13. Google has been headquartered in this District since its founding. Google is currently headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043, located in this District. The majority of the Google engineers who work on Google Play Music are located at Google's headquarters in Mountain View, California or Google's offices in San

-3-

Bruno, California, also located in this District.  The source code and documentation related to Google Play Music is maintained at Google's Mountain View headquarters or Google's offices in San Bruno as well.

14.     On information and belief, PA LLC is a patent holding company whose sole business is patent monetization, including activities related to licensing as well as other legal and extrajudicial enforcement and/or defense of the validity of its patents.

15.     Each claim of the '076 and '178 patent is directed to an apparatus (an audio player device) and cannot be infringed solely by a software program.

16.     In the action filed by PA LLC against Google in the Eastern District of Texas on September 15, 2015, *Personal Audio LLC v. Google Inc.*, Case No. 1:15-cv-00350-RC, PA LLC has asserted claims 1-3, 5, 6, 13-15 of the '076 patent and claims 1-21, 28, 29 of the '178 patent, which include claims that have been deemed unpatentable by the Patent Trial and Appeal Board.

17.     In its action against Google pending in the Eastern District of Texas, PA LLC identified dozens of device manufacturers that purportedly make, offer for sale, or sell audio player devices in the United States or import audio player devices into the United States, which allegedly include the Google Play Music application, but has only provided specific infringement allegations for three devices:  Google Pixel C Tablet, Sony Xperia Z3, and Blu Products Life XL.  A true and correct copy of PA LLC's infringement contentions are attached as Exhibit 4.

18.     PA LLC has licensed, or effectively licensed, the '076 and '178 patents to at least the following companies:  Acer, Amazon Digital Services, Apple, Inc., Apollo Brands, Archos, ASUSTek, Azpen Innovation, Barnes & Noble, Inc., BlackBerry (formerly known as Research In Motion), Coby Electronics, Fuhu, Fujitsu, HTC, Huawei, Lenovo, LG, Microsoft, Motorola Mobility, Inc., Samsung, Sirius XM, Toshiba, XM Satellite Radio, and ZTE.  *See Summit Data Sys., LLC v. EMC Corp.*, Case No. 10-749-GMS (D. Del. Sept. 25, 2014) (rejecting patent plaintiff's contention that given the accused infringer's market size, it would be reasonable to assume infringement in some non-licensed configuration and holding that accused infringer "need not establish an affirmative defense [of license] when Summit's sole theory of infringement was unfounded").

19. On information and belief, the Google Pixel C Tablet, Blu Products Life XL, and the Sony Xperia Z3 are products that PA LLC has already licensed.

20. No version of Google Play Music directly or indirectly infringes any asserted claim of the '076 patent or the '178 patent.

21. Google does not directly or indirectly infringe any asserted claim of the '076 patent or the '178 patent.

22. No third party infringes any asserted claim of the '076 patent or the '178 patent by installing or using Google Play Music in any accused audio player devices. Google has not caused, directed, requested, or facilitated any infringement and has not had any specific intent to do so. Google Play Music is not designed for use in any combination that would infringe any asserted claim of the '076 patent or the '178 patent. Furthermore, PA LLC has admitted that Google Play Music has substantial uses that do not infringe any asserted claim of the '076 patent or the '178 patent.

23. The asserted claims of the '076 patent and the '178 patent, as properly construed, are invalid for failure to meet one or more of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT I:

## DECLARATORY JUDGMENT OF LICENSE

24. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as though fully repeated and set forth herein.

25. PA LLC purports to own all rights, title, and interest by assignment in the '076 patent and '178 patent, which have been extensively licensed.

26. In its amended complaint filed in the wrong venue, PA LLC has alleged that Google directly and indirectly infringes the '076 patent and the '178 patent. *See, e.g.*, Ex. 3 ¶¶ 73-74, 81-82.

27. An actual and justiciable controversy exists between Google and PA LLC regarding whether any of the accused devices that allegedly contain the Google Play Music application are licensed as a result of PA LLC's patent licenses. A judicial declaration is

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

necessary to determine the respective rights of the parties regarding these patents and licenses.

28. Google seeks a judgment declaring that all accused devices with Google Play Music made, offered for sale, sold, or imported into the United States are licensed.

## COUNT II:

## '076 PATENT DECLARATORY JUDGMENT OF NON-INFRINGEMENT

29. Google hereby restates and incorporates by reference the allegations set forth in paragraph 1 through 23 of this Complaint as though fully repeated and set forth herein.

30. In its amended complaint filed in the wrong venue, PA LLC has alleged that Google directly and indirectly infringes the '076 patent. *See, e.g.*, Ex. 3 ¶¶ 73-74.

31. An actual and justiciable controversy therefore exists between Google and PA LLC regarding whether any of the accused devices that contain the Google Play Music application have infringed any of the asserted claims of the '076 patent. A judicial declaration is necessary to determine the respective rights of the parties regarding the '076 patent.

32. Google seeks a judgment declaring that Google and Google Play Music did not directly or indirectly infringe any of the asserted claims of the '076 patent.

## COUNT III:

## '178 PATENT DECLARATORY JUDGMENT OF NON-INFRINGEMENT

33. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as though fully repeated and set forth herein.

34. PA LLC purports to own all rights, title, and interest by assignment in the expired '178 patent.

35. In its amended complaint filed in the wrong venue, PA LLC has alleged that Google directly and indirectly infringes the '178 patent. *See, e.g.*, Ex. 3 ¶¶ 81-82.

36. An actual and justiciable controversy therefore exists between Google and PA LLC regarding whether any of the accused devices that contain the Google Play Music application have infringed any of the asserted claims of the '178 patent. A judicial declaration is necessary to determine the respective rights of the parties regarding the '178 patent.

37. Google seeks a judgment declaring that Google and Google Play Music did not

directly or indirectly infringe any of the asserted claims of the '178 patent.

## COUNT IV:

### '076 PATENT DECLARATORY JUDGMENT OF INVALIDITY

38.  Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as though fully repeated and set forth herein.

39.  An actual and justiciable controversy therefore exists between Google and PA LLC regarding whether the asserted claims of the '076 patent are valid and enforceable. A judicial declaration is necessary to determine the respective rights of the parties regarding the '076 patent.

40.  Google seeks a judgment declaring that the asserted claims of the '076 patent are invalid.

## COUNT V:

### '178 PATENT DECLARATORY JUDGMENT OF INVALIDITY

41.  Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as though fully repeated and set forth herein.

42.  An actual and justiciable controversy therefore exists between Google and PA LLC regarding whether the asserted claims of the '178 patent are valid and enforceable. A judicial declaration is necessary to determine the respective rights of the parties regarding the '178 patent.

43.  Google seeks a judgment declaring that the asserted claims of the '178 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

A.  Declaring that Google Play Music does not infringe and Google has not directly or indirectly infringed any of the asserted claims of the '076 patent;

B.  Declaring that Google Play Music does not infringe and Google has not directly or indirectly infringed any of the asserted claims of the '178 patent;

C.  Declaring that the accused devices with Google Play Music are licensed;

D. Declaring that the asserted claims of the '076 patent are invalid;

E. Declaring that the asserted claims of the '178 patent are invalid;

F. Declaring that judgment be entered in favor of Google and against PA LLC;

G. Enjoining PA LLC from claiming that Google, Google Play Music or any device with Google Play Music infringe the '076 and '178 patents;

H. Finding that this is an exceptional case under 35 U.S.C. § 285;

I. Awarding Google its costs and attorneys' fees in connection with this action; and

J. Awarding Google such other and further relief as the Court deems just and proper.

## JURY DEMAND

Google demands a jury trial on all issues and claims so triable.

Dated:   September 26, 2017           Respectfully submitted,

                                      By:  */s/ Eric Krause*

                                      Eric Krause