Douglas Q. Hahn, SBN 257559
  dhahn@sycr.com
Salil Bali, SBN 263001
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone 949-725-4000
Fax 949-725-4100

Victor G. Hardy (seeking admission *pro hac vice*)
  vhardy@hpylegal.com
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759
Phone: (512)520-9407

Attorneys for Defendant
Personal Audio, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| GOOGLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> PERSONAL AUDIO, LLC, <br><br> Defendant. | CASE NO. 3:17-cv-05583 <br><br> Judge Vince Chhabria <br><br> **MOTION TO DISMISS** <br><br> DATE: January 11, 2018 <br> TIME: 10:00 a.m. |

LITIOC/2168932v2/103069-0002

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. Personal Audio And Its Patents | 2 |
| | B. Personal Audio's Lack Of Contacts With California | 2 |
| | C. The *Fuhu* Personal Jurisdiction Decision | 3 |
| III. | ARGUMENT | 3 |
| | A. Personal Jurisdiction Does Not Exist Over Personal Audio | 3 |
| | B. General Jurisdiction Is Lacking Because Personal Audio Has No Systematic And Continuous Business Contacts With California | 4 |
| | C. Finding Specific Jurisdiction Would Be Unreasonable And Would Not Comport With Standards of Fair Play And Substantial Justice | 6 |
| | D. Litigation Activities In Other States Do Not Create Personal Jurisdiction In California | 7 |
| | E. Engaging In Licensing Negotiations Did Not Create Personal Jurisdiction | 8 |
| | F. Meetings Pursuant To Settlement Negotiation And Mediation Do Not Create Personal Jurisdiction In California | 8 |
| | G. Contacting And Entering Into Nonexclusive Licenses With Californians Does Not Create Personal Jurisdiction | 11 |
| IV. | THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST TO FILE DOCTRINE | 12 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alltrade, Inc. v. Uniweld Prods.*,
    946 F.2d 622 (9th Cir. 1991) .................................................................................................13

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009) ....................................................................................... passim

*Autonomy, Inc. v. Adiscov, LLC*,
    2011 U.S. Dist. LEXIS 60400 (N.D. Cal. 2011) ...................................................................10

*Avocent Huntsville Corp. v. Aten Int'l. Co.*,
    552 F.3d 1324 (Fed. Cir. 2008) ........................................................................................ passim

*Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006) .........................................................................................7, 12

*Campbell Pet Co. v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008) ............................................................................................5, 7

*Commvalut Sys. v. PB&J Software, LLC*,
    No. C-13-1332, 2013 U.S. Dist. LEXIS 89168 (N.D. Cal. June 25, 2013) ............................8

*Delphix Corp. v. Embarcadero Techs., Inc.*,
    2016 U.S. Dist. LEXIS 114255 (N.D. Cal. 2016) .................................................................10

*Fuhu Inc. v. Personal Audio, LLC*,
    Civil Case No. 2:13-cv-05571, Order Granting Defendant's Motion to Dismiss
    and Denying Plaintiff's Request for Discovery, Dkt. 35 (C.D. Cal. Nov. 27, 2013) ...... passim

*Genentech, Inc. v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993) ...............................................................................................13

*Hildebrand v. Steck Mfg. Co.*,
    279 F.3d 1351 (Fed. Cir. 2002) ...............................................................................................7

*Hilton v. Apple Inc.*,
    2013 U.S. Dist. LEXIS 142354 (N.D. Cal. October 1, 2013) ..........................................13, 14

*Hilton v. Apple Inc.*,
    2013 U.S. Dist. LEXIS 149174 (N.D. Cal. October 15, 2013) ..............................................14

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .................................................................................................................4

*Juniper Networks, Inc. v. SSL Serv.*
*s, LLC,* No. C08-5758, 2009 U.S. Dist. Lexis 112399 (N.D. Cal. Nov. 13 2009),
*aff'd*, 404 Fed. Appx. 499 (Fed. Cir. 2011) ..................................................................................8

*Kahn v. General Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989)....................................................................................................13

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)....................................................................................................13

*Oacis Health Care Sys. v. Allcare Health Mgmt. Sys.*,
2000 U.S. Dist. LEXIS 5902 (N.D. Cal. 2000) ...........................................................................10

*Pacesetter Sys. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) .........................................................................................................13

*Perkins v. Banguet Consol. Mining Co*,
342 U.S. 437 (1952).......................................................................................................................5

*Personal Audio, LLC v. Apple, Inc.*
No. 9:09-cv-00111-RC (E.D Tex. 2011) .......................................................................................2

*Personal Audio, LLC v. Google, Inc.*,
No. 1:15-cv-00350-RC (E.D. Tex.) .............................................................................................15

*Ruckus Wireless, Inc. v. Harris Corp.*,
11-cv-019440-LHK, 2012 U.S. Dist. LEXIS 22336 (N.D. Cal. 2012) .......................................14

*Smugmug, Inc. v. Virtual Photo Store LLC*,
2009 U.S. Dist. LEXIS 112400 (N.D. Cal. 2009) ..................................................................10, 12

*Square, Inc. v. Morales*,
2013 U.S. Dist. LEXIS 169301 (N.D. Cal. 2013) .......................................................................10

*TC Heartland, LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514 (2017).................................................................................................................14

*Viam Corp. v. Iowa Exp.-Imp. Trading Co.*,
84 F.3d 424 (Fed. Cir. 1996).........................................................................................................7

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
848 F.3d 1346 (Fed. Cir. 2017).............................................................................................11, 12

**Statutes**

Code § 410.10 .................................................................................................................................4

Federal Circuit Law .......................................................................................................................12

**Other Authorities**

United States Constitution ....................................................................................................................4

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: Please take notice that on January 11, 2018, at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 4 on the 17th Floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Defendant, Personal Audio, LLC will move the Court for an Order to dismiss the within action.

## I.   INTRODUCTION

This suit should be dismissed because Personal Audio is not subject to personal jurisdiction in this Court. The U. S. District Court for the Central District of California recently addressed the issue of personal jurisdiction over Personal Audio in a virtually identical case filed against the company by Fuhu Inc., seeking a declaratory judgment of non-infringement and invalidity of the same Patents-in-Suit as in this case. Judge O'Connell analyzed the facts and dismissed the suit based on California's lack of personal jurisdiction over Personal Audio. *Fuhu Inc. v. Personal Audio, LLC,* Civil Case No. 2:13-cv-05571, Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Request for Discovery, Dkt. 35 (C.D. Cal. Nov. 27, 2013) (the "*Fuhu* Dismissal Order"). A copy of the *Fuhu* Dismissal Order is attached to the December 1, 2017 Declaration of Bradley Liddle (the "Liddle Decl.") as Ex. A.[1]

The most significant difference between the *Fuhu* case and this case is that, unlike the situation in *Fuhu*, Personal Audio sued Google in the U.S. District Court for the Eastern District of Texas on the same Patents-in-Suit two years before Google filed this declaratory judgment action involving identical issues. In fact, the Texas case against Google is still pending. *Personal Audio v. Google, Inc. Civil Action Number 1:15-cv-350* in the U.S. District Court for the Eastern District of Texas, Beaumont Division. A copy of the Original Complaint in that action is attached to the Liddle Decl. as Ex. B. Subject to its motion to dismiss for lack of jurisdiction, Personal Audio moves, in the alternative, for dismissal under the first-to-file rule.

---

[1] All Exhibits referenced herein are attached to the Liddle Decl.

1

## II. STATEMENT OF FACTS

### A. Personal Audio And Its Patents

Personal Audio is a Texas business that owns five patents describing a series of innovations designed to provide users a personalized audio or video experience using a media-enabled device connected to the internet. (Liddle Decl., ¶¶ 1, 16.) Among the five patents are United States Patent No. 6,199,076 ("'076 patent") and United States Patent No. 7,509,178 ("'178 patent") (collectively the "Patents-in-Suit"). *Id.* Personal Audio has never granted an exclusive license to any of its patents. *Id.*, ¶ 17. Personal Audio has granted twenty five 25 nonexclusive licenses for the Patents-in-Suit. Eleven of the licensees have their headquarters in foreign countries; only four (4) of the twenty five licenses have been to companies headquartered in California. *Id.*, ¶ 18(g). Personal Audio does not purchase patents and it does not aggregate its patents. *Id.*, ¶ 20. In 2011, the Patents-in-Suit were deemed valid in *Personal Audio, LLC v. Apple, Inc.* (Case No. 9:09-cv-00111-RC (E.D Tex. 2011)) (the "Apple Action"), presided over by Judge Ron Clark of the Eastern District of Texas. *Id.*, ¶26. During that action, Judge Clark appointed a technical advisor to assist that court in understanding the complexities of the Patents-in-Suit and to educate the court on the overarching technology involved. *Id.*, ¶ 27. He also required the parties to submit technology synopses, or tutorials, to assist him in his construction of the Patents-in-Suit's claims, which he construed in three separate orders. *Id.* In addition to the Apple Action, Judge Clark has presided over five other cases involving the Patents-in-Suit from 2009 through April 2013. *Id.*

### B. Personal Audio's Lack Of Contacts With California

Personal Audio has no offices in California. *Id.*, ¶ 7. It does not own or lease property in California. *Id.*, ¶ 8. None of Personal Audio's members, executives, employees or inventors live or work in California. *Id.*, ¶ 11. Personal Audio does not sell or ship products in or to California, either directly or indirectly. *Id.*, ¶ 10. Personal Audio has not attended conferences or other industry events in California and it is not licensed or registered to do business in California. *Id.*, ¶ 12. Personal Audio has issued nonexclusive licenses for the Patents-in-Suit to

2

a few companies that are either incorporated in California or have their principal places of business in California. *Id.* at ¶ 18(g). However, Personal Audio has no long-term contractual relationships with any of its licensees. *Id.*, ¶ 18(a)-(f). Nor does it have any dealings or control over the actions of its licensees. *Id.*, ¶ 18(f). Personal Audio does not advertise in California or specifically direct its website at California. *Id.*, ¶ 14. Personal Audio has never filed a law suit in California and does not have an agent for service of process in California. *Id.*, ¶¶ 15, 23.

### C. The *Fuhu* Personal Jurisdiction Decision

As mentioned above, the United State District Court of the Central District of California recently held that California does not have personal jurisdiction over Personal Audio. Liddle Decl., Ex. A (*Fuhu* Dismissal Order) p. 13. On November 27, 2013, the California district court granted Personal Audio's motion to dismiss for lack of personal jurisdiction. *Id.* Personal Audio has had no significant contact with California since the motion was granted and Google has not pointed to any differing types of contacts or actions than were originally asserted by Fuhu. California lacked personal jurisdiction over Personal Audio in 2013 and it still lacks personal jurisdiction over Personal Audio in 2017.

## III. ARGUMENT

### A. Personal Jurisdiction Does Not Exist Over Personal Audio

A district court may properly exercise personal jurisdiction over a nonresident defendant if: (1) the defendant is amenable to suit under the appropriate state long-arm statute; and (2) the defendant's activities within the forum state satisfy the minimum contacts requirement of the United States Constitution. *Avocent Huntsville Corp. v. Aten Int'l. Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (citations omitted).[2] Because California's long-arm statute extends to the limits of the United States Constitution, the sole issue is whether jurisdiction comports with due

---

[2] In a suit for declaratory judgment of patent non-infringement, Federal Circuit law is applied to determine whether the district court has personal jurisdiction over an out-of-state defendant. *Avocent,* 552 F.3d at 1328.

3

process. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citations omitted).[3]

Personal jurisdiction may be either general or specific. *Id.* General jurisdiction requires continuous and systematic contacts with the forum state. *Id.* (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Specific jurisdiction requires sufficient "minimum contacts" with the forum state that relate to or give rise to the plaintiff's claims and, even with those contacts, the exercise of personal jurisdiction must be fair and reasonable under the circumstances. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Google cannot show that either general or specific personal jurisdiction exists over Personal Audio. The burden of establishing personal jurisdiction rests with Google. *Autogenomics*, 566 F.3d at 1017.

**B.    General Jurisdiction Is Lacking Because Personal Audio Has No Systematic And Continuous Business Contacts With California**

To establish general jurisdiction, Google must allege facts demonstrating that Personal Audio's contacts or activities in California are "continuous and systematic" such that the defendant can be said to have a physical presence in the forum. *Perkins v. Banguet Consol. Mining Co,*, 342 U.S. 437, 445-446 (1952). Sporadic and insubstantial contacts are not sufficient. *Campbell Pet Co. v. Miale,* 542 F.3d 879, 884 (Fed. Cir. 2008).

Personal Audio has never owned or rented property in California. Liddle Decl., ¶ 8. Personal Audio does not have any offices or employees in California. *Id.*, ¶¶ 7, 11. It does not have a license to do business in California. *Id.*, ¶ 15. Nor does it have an agent for service of process in California. *Id*. Personal Audio does not maintain any documents in California. *Id.*, ¶5. It does not pay taxes in California, nor does it maintain any bank accounts in California. *Id.*, ¶¶ 6-7. The only licenses to the patents-in-suit that Personal Audio has entered into with any entity in California or anywhere else are all non-exclusive. *Id.*, ¶¶ 16 and 17. Personal Audio has

---

[3] California's statute states that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. P. Code § 410.10.

4

1 never granted an exclusive license to any person or entity in California. *Id.*, ¶ 17. Simply put,

2 general jurisdiction is lacking because Personal Audio has no continuous and systematic

3 business contacts with California, and Google cannot show otherwise.

4       In its Complaint, Google alleged that Personal audio contacted and negotiated with

5 several California entities, and procured licensing agreements with said entities through

6 settlements and litigation. Google's Complaint [Dkt. No. 1] ¶ 9. Even in combination, these

7 "contacts" are insufficient evidence of continuous and systematic contacts with California. *See*

8 *Autogenomics,* 566 F.3d at 1015, 1018 (in-person negotiations in California and by e-mail, as

9 well as non-exclusive licenses with about ten California companies was insufficient to establish

10 general jurisdiction); *See also Campbell Pet Co. v. Miale*, 542 F.3d 879, 882-84 (Fed. Cir.

11 2008) (attendance at forum convention, a cease-and-desist letter sent to forum, forum sales

12 exceeding $13,000, and a generally accessible website were insufficient to establish general

13 jurisdiction). Similarly, the Federal Circuit held in *Avocent* that a patentee's enforcement of its

14 patents by bringing suit in other states is insufficient to subject the patentee to general personal

15 jurisdiction. 552 F.3d at 1339. Indeed, Fuhu advanced nearly identical arguments in the earlier

16 case, all of which were rejected by the Court. Liddle Decl., Ex. A (*Fuhu* Dismissal Order) pp.

17 10-11. As to whether the court had personal jurisdiction over Personal Audio, the *Fuhu* court

18 explained:

19-23
> Yet, a few lawsuits against California-based corporations—filed in the Eastern District of Texas—cannot be held to establish continuous and systematic contacts with California. Service of process, taking a deposition in California, hiring a California resident as an expert witness, and sending cease and desist letters does not change this analysis. These contacts—even in the aggregate—simply do not approximate Defendant's physical presence within California. Accordingly, the Court finds that Plaintiff has failed to allege facts that would establish general personal jurisdiction over Defendant.

25 *Id.* at p. 11 (*citing Bancroft & Masters Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.

26 2000). Nothing has changed since the *Fuhu* Dismissal Order to alter this analysis. None of the

27 lawsuits alleged in the Complaint occurred in California. The only patent enforcement cases

28 Personal Audio has filed against any of the entities referred to, or any other entity, have been in

5

its home state of Texas. Liddle Decl., ¶ 23. Accordingly, Personal Audio's contacts with California do not rise to the level of continuous and systematic contacts required to establish general jurisdiction.

### C. Finding Specific Jurisdiction Would Be Unreasonable And Would Not Comport With Standards of Fair Play And Substantial Justice

To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed its activities at residents of the forum and that the Court's exercise of personal jurisdiction comports with the principles of fair play and substantial justice. *Avocent*, 552 F.3d 1324 at 1332. It was the fairness of holding jurisdiction over Personal Audio that the *Fuhu* Court found lacking and, which is still lacking today. *See* Ex. A (*Fuhu* Dismissal Order) p. 12.

The *Fuhu* Court found that specific jurisdiction did not exist because merely sending cease and desist letters or attempting to negotiate a license are not sufficient activities on their own. *Id.* ("As affirmed by the Federal Circuit, in an action for declaratory relief, a court may not properly exercise personal jurisdiction over a defendant whose only contacts with the forum include letters sent to inform the plaintiff of infringement. Doing so 'in such a situation would not comport with fair play and substantial justice—it would not be reasonable.'") (*quoting Avocent*, 552 F.3d. at 1333)). Instead, the Federal Circuit requires that the defendant must engage in additional enforcement activities in the forum that relate to the enforcement or defense of the patent. *Id.* at 1336-37; *Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1356 (Fed. Cir. 2002); Ex. A (*Fuhu* Dismissal Order) p. 12 ("These 'other activities' must go 'beyond the sending of cease and desist letters or mere attempts to license the patent at issue' in the forum state.") (*quoting Breckenridge Pharm. Inc.*, 444 F.3d at 1366). Additional enforcement activities that may confer jurisdiction can include entering into an <u>exclusive</u> license agreement with a resident of the forum state, enlisting a third party to remove an infringer's products from a trade show in the forum state, or suing a third party for patent infringement in the forum state. *Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1366 (Fed. Cir.

1  2006); *Campbell Pet Co.,* 542 F.3d at 886; *Viam Corp. v. Iowa Exp.-Imp. Trading Co.,* 84 F.3d
2  424, 430 (Fed. Cir. 1996). In contrast, a patentee's commercialization efforts in the forum state
3  are not additional enforcement activities. *Autogenomics,* 566 F.3d at 1020.

4        Here, Google alleges that Personal Audio is subject to specific personal jurisdiction
5  because: (1) it has engaged in litigation involving California residents; (2) it contacted and
6  engaged in licensing negotiations with Google; and (3) it contacted multiple other California
7  residents, among other companies, and entered into (obviously nonexclusive) licenses with
8  them. Complaint [Dkt. No. 1], ¶ 9. As detailed below, none of these activities qualify as
9  "additional enforcement activities" sufficient to create specific personal jurisdiction over
10 Personal Audio. *Avocent*, 552 F.3d at 1332.

11      **D.    Litigation Activities In Other States Do Not Create Personal Jurisdiction In**
12            **California**

13       Google's allegations that Personal Audio has engaged in litigation with California
14 residents is not relevant to the specific jurisdiction analysis because those law suits were all
15 filed outside of California. Liddle Decl, ¶¶ 23 and 24. A patentee's enforcement of its patents
16 through lawsuits outside the forum state is insufficient to subject the patentee to personal
17 jurisdiction in the forum. *Avocent*, 552 F.3d at 1339. California courts, as well as the Federal
18 Circuit, have already rejected this "novel argument that the act of filing a [patent infringement]
19 lawsuit against an alleged California resident – in a Texas district court – is sufficient to make a
20 prima facie showing that [the defendant] has purposefully availed itself of the privilege of
21 conducting activities within [California]." *Juniper Networks, Inc. v. SSL Serv.s, LLC,* No. C08-
22 5758, 2009 U.S. Dist. Lexis 112399, *11 (N.D. Cal. Nov. 13 2009), *aff'd*, 404 Fed. Appx. 499
23 (Fed. Cir. 2011); *Commvalut Sys. v. PB&J Software, LLC*, No. C-13-1332, 2013 U.S. Dist.
24 LEXIS 89168, *5-7 (N.D. Cal. June 25, 2013). Therefore, Personal Audio's out-of-state
25 litigation activities are not relevant to the specific personal jurisdiction analysis.

26
27
28

**E.   Engaging In Licensing Negotiations Did Not Create Personal Jurisdiction**

Federal Circuit precedent is clear that sending cease-and-desist letters and mere attempts to license the patents at issue cannot be the sole basis for exercising specific jurisdiction. *Avocent,* 552 F.3d at 1334; *see also Red Wing Shoe,* 148 F.3d at 1360-61 (personal jurisdiction cannot be based on sending cease-and-desist letters and offering nonexclusive patent licenses because that would violate the principles of fairness, denying a patent holder the ability to protect its property rights without subjecting itself to personal jurisdiction). Nor is an exchange of e-mails and an in-person meeting in the forum state to negotiate the terms of a patent license sufficient. *Autogenomics,* 566 F.3d at 1015. These are mere commercialization efforts in the forum state, and are not relevant for a specific personal jurisdiction analysis.  *Id*. at 1020-21.

Under this controlling Federal Circuit law, Personal Audio is not subject to personal jurisdiction in California. It is not enough for Google to allege that Personal Audio contacted Google about its patent rights and attempted to negotiate a nonexclusive license with Google. Some additional enforcement activity in the forum is required, but additional enforcement activity in California has not occurred. *Avocent*, 552 F.3d at 1332; *B. General Jurisdiction supra, ¶ 3.*

**F.   Meetings Pursuant To Settlement Negotiation And Mediation Do Not Create Personal Jurisdiction In California**

Although not alleged in Google's Complaint, for the sake of full disclosure to the court, Personal Audio has conducted a mediation (in two sessions) regarding the Patents-in-Suit in California and participated in one in-person settlement negotiation which did not result in a license agreement or settlement. Liddle Decl., ¶ 13.  In both cases, at the time of meeting, Personal Audio was engaged in litigation regarding the Patents-in-Suit in the Eastern District of Texas and such meetings were efforts to settle those cases.

Subjecting Personal Audio to personal jurisdiction in California because of these meetings would be contrary to public policy favoring settlement negotiations.  In *Red Wing Shoe,* the court explained that "an offer to license is more closely akin to an offer for settlement

8

of a disputed claim rather than an arms-length negotiation in anticipation of a long-term continuing business relationship." 148 F.3d at 1361.  The court noted that treating them otherwise would be "contrary to fair play and substantial justice by providing disincentives for the initiation of settlement negotiations." *Id*.  The court then reasoned that:

> Although the [Federal] Rules [of Evidence] do not explicitly make evidence of such [settlement] negotiations inadmissible to establish personal jurisdiction, the policy underlying the Rules supports an approach that fosters settlement of infringement claims.  Indeed, this policy squarely invokes one of the considerations enumerated by the Supreme Court for the second prong of a proper Due Process analysis, namely, 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies.'

*Red Wing Shoe,* 148 F.3d at 1361 (*quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980)).  Accordingly, the consideration of mediation and settlement negotiations as evidence of personal jurisdiction against Personal Audio would not only be unreasonable and contrary to principles of fair play and substantial justice, but it would also violate the second prong of the Supreme Court's Due Process analysis regarding the interstate judicial system's interest in the most efficient resolution of controversies, as explained by the Federal Circuit in *Red Wing Shoe. Id.*

Many subsequent courts have followed the reasoning explained in *Red Wing Shoe.  See Autogenomics,* 566 F.3d at 1021 (e-mails and an in-person licensing negotiation in California and "about ten" non-exclusive license agreements with California companies did not subject patentee to specific personal jurisdiction); *Delphix Corp. v. Embarcadero Techs., Inc.*, 2016 U.S. Dist. LEXIS 114255, 22, 25 (N.D. Cal. 2016) (settlement negotiations in California did not subject patentee to personal jurisdiction; to hold otherwise would violate due process and be contrary to the holding in *Red Wing Shoe*, and deter in-person settlement negotiations); *Autonomy, Inc. v. Adiscov, LLC*, 2011 U.S. Dist. LEXIS 60400, *10 (N.D. Cal. 2011) (settlement negotiations in California with plaintiff's council were "far too attenuated to support a showing of personal jurisdiction."); *Oacis Health Care Sys. v. Allcare Health Mgmt. Sys.*, 2000 U.S. Dist. LEXIS 5902, *8-9 (N.D. Cal. 2000) (infringement notification letters and settlement negotiations in California with a Texas based defendant did not subject the defendant

9

to personal jurisdiction in California); *Smugmug, Inc. v. Virtual Photo Store LLC,* 2009 U.S. Dist. LEXIS 112400, 10-11 (N.D. Cal. 2009) (seeking a meeting to discuss licensing of patents was not enforcement activity; it was commercial efforts that could not support specific jurisdiction); *Square, Inc. v. Morales,* 2013 U.S. Dist. LEXIS 169301, *16-17 (N.D. Cal. 2013) (grounding personal jurisdiction on contacts in California to inform of infringement and/or negotiate a business agreement relating to the patents would not comport with "fair play and substantial justice.").

Indeed, even cases that have found in-forum meetings as relevant to jurisdiction ecently, have only done so in the context of a "totality of the circumstances" analysis supported by numerous other contacts. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1358 (Fed. Cir. 2017). In *Xilinx*, when determining whether maintenance of jurisdiction would comport with principles of fair play and substantial justice, the court considered the facts that (1) the defendant had already availed itself of the California federal court system by filing <u>seven</u> prior patent infringement lawsuits in California (and, therefore, the current suit was less likely to be unreasonably burdensome on the defendant in California) and (2) the defendant was a foreign entity residing outside the United States and, therefore, would not be called to litigate in a distant state rather than its own residence;   *Id.* at 1357-358.  The *Xilinx* court held that under the "totality of the circumstances" specific personal jurisdiction was not unduly burdensome or unreasonable.  *Id.* at 1358.  Thus, all of these facts taken together brought the defendant under specific jurisdiction in California, not merely the fact that the defendant had attended a meeting in California to negotiate a licensing agreement.

Here, Personal Audio is not subject to personal jurisdiction in California under the *Xilinx* analysis.  Unlike the defendant in *Xilinx* who had filed at least seven patent infringement law suits in California, thereby invoking the protections of the California courts, Personal Audio has never filed suit for patent infringement in a California court. Liddle Decl, ¶ 23. An additional important distinction is that Personal Audio is a Texas entity, residing in Texas, with the ability to bring suit in US courts close to its home. *Id.*, ¶¶ 2 and 24.   Subjecting Personal Audio to

personal jurisdiction because it attended a mediation and a settlement negotiation would violate the principles of fair play and substantial justice, as well as the interstate judicial system's interest in the most efficient resolution of controversies. *Red Wing Shoe,* 148 F.3d at 1361. Personal Audio does not fit the same totality of the circumstances test as applied in *Xilinx,* and much like the defendant in *Autogenomics,* California does not have specific personal jurisdiction over it. 552 F.3d at 1021.

### G.  Contacting And Entering Into Nonexclusive Licenses With Californians Does Not Create Personal Jurisdiction

Similarly, Google cannot satisfy the "other enforcement activity" requirement by alleging that Personal Audio entered into licenses with California residents. Attempts to license patents are protected activities that cannot be the sole basis for exercising specific jurisdiction. *Avocent,* 552 F.3d at 1334. Likewise, the fact that Personal Audio has collected royalties from California licensees is insufficient to justify specific jurisdiction. *Red Wing Shoe,* 148 F.3d at 1361 (finding that the defendant's royalty income from its Minnesota licensees was irrelevant to a personal jurisdiction analysis). Contacting potential nonexclusive licensees and licensing its patents are simply commercialization efforts of Personal Audio, which cannot be used to support specific jurisdiction under Federal Circuit Law.[4] *Avocent,* 552 F.3d at 1335-36; *see also Smugmug, Inc. v. Virtual Photo Store LLC,* No. C09-2255, 2009 U.S. Dist. Lexis. 112400 *11-13, 2009 WL 3833969, (N.D. Cal. Nov. 16, 2009). Accordingly, Personal Audio's nonexclusive licenses with California entities do not subject Personal Audio to specific personal jurisdiction in California.

---

[4] In contrast, the Federal Circuit has held that an *exclusive* license can, sometimes, serve as sufficient "other enforcement activity," because exclusive licenses create ongoing obligations and rights between the parties. *See Akro*, 45 F.3d at 1545. However, a defendant is not subject to personal jurisdiction where it has multiple nonexclusive licensees in the forum state and does not exercise control over the licensees' sale activities or have any dealings with those licensees beyond the receipt of royalty income. *Breckenridge,* 444 F.3d at 1366. Nothing in any license issued by Personal Audio: (1) requires Personal Audio to take any affirmative action in California; (2) allow the Licensee to enforce any Personal Audio patents; (3) gives Personal Audio the right to exercise control over the licensees' sales or marketing activities; or (4) establishes a relationship with a licensee that goes beyond a royalty payment. (Liddle Decl., ¶ 18(a) – (g).)

11

## IV. THIS ACTION SHOULD BE DISMISSED UNDER THE FIRST TO FILE DOCTRINE

Under governing Federal Circuit law, the first-to-file rule "favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993). The rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, which generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions. *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012). The rule also is necessary to protect the "presumptive right of the first litigant to choose the forum." *Kahn v. General Motors Corp.,* 889 F.2d 1078, 1082-83 (Fed. Cir. 1989). The Ninth Circuit explained the policy behind this rule as follows:

> [Plaintiff's] declaratory judgment action multiplies litigation. It does not shield [Plaintiff] from an unfair threat of an infringement action, but attempts to remove ongoing litigation from the forum chosen by the plaintiff…. The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give (it) a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart.

*Pacesetter Sys. v. Medtronic, Inc.,* 678 F.2d 93, 97 (9th Cir. 1982) (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 184). Because Personal Audio first filed an identical suit in the ongoing case in the Eastern District of Texas before this mirror action, this action should be dismissed.

In the alternative, this case should be transferred to the Eastern District of Texas or the District of Delaware where Google is incorproated.[5] The first-to-file rule "was developed to 'serve …the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods.,* 946 F.2d 622, 625 (9th Cir. 1991). Here, principals of judicial

---

[5] If this case is transferred to the Eastern District of Texas, it can be consolidated, or at least coordinated, with its mirror case. This would be the most convenient remedy, because a single judge could consolidate the proceedings. *See Hilton* at 34. Furthermore, transferring this action to the Eastern District of Texas would be more efficient than staying this action pending the result in the mirror case in the Eastern District of Texas. *Id.* at 35.

12

efficiency cry out for this case to be transferred to Judge Clark's court in Beaumont, where he has tried one case involving the patents-in-suit to jury verdict and handled other cases involving the patents-in-suit.

In addition to judicial efficiency, the rule helps "prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.,* 11-cv-019440-LHK, 2012 U.S. Dist. LEXIS 22336 (N.D. Cal. 2012); *see also Church of Scientology*, 611 F.2d at 750 ("The doctrine []is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

Google asks in its Complaint for this court to assume the "undisputed fact" that under the decision in *TC Heartland,* venue is not proper in the Eastern District of Texas. Google's Complaint [Dkt. No. 1] p. 2, l. 5. *TC Heartland, LLC v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017). Google's position on this issue is actually highly disputed. Judge Ron Clark is currently deciding whether venue in the Eastern District of Texas is appropriate under Google's Motion To Dismiss. For this Court to decide that venue in the Eastern District of Texas is inappropriate would "risk this Court issuing an inconsistent order on the same claims - the very result the *first-to-file* rule is designed to avoid." *Hilton v. Apple Inc.,* 2013 U.S. Dist. LEXIS 142354, *18 (N.D. Cal. October 1, 2013); *see also Hilton v. Apple Inc.*, 2013 U.S. Dist. LEXIS 149174, *4 (N.D. Cal. October 15, 2013) (finding that the likely dismissal of a previously filed mirror case in the Central District of California was not enough to prevent transfer to the Central District of California for consolidation and judicial efficiency purposes under the first-to-file rule). Judge Ron Clark may well come to a different opinion than Google about its amenability to venue in the Eastern District of Texas. Accordingly, if not dismissed, this action should be transferred to the Eastern District of Texas for consolidation with its mirror action under Judge Ron Clark.

**V.  CONCLUSION**

Based on the foregoing, Personal Audio respectfully requests that this Court dismiss this action for lack of person over Personal Audio and based on the first filed rule or, in the alternative, transfer this action to the District of Delaware or the Eastern District of Texas to be consolidated with the presently pending case between Personal Audio and Google, *Personal Audio, LLC v. Google*, *Inc.*, No. 1:15-cv-00350-RC (E.D. Tex.).

DATED:  December 1, 2017              STRADLING YOCCA CARLSON & RAUTH, P.C.

By:   */s/ Douglas Q. Hahn*
     Douglas Q. Hahn
     Salil Bali
     Attorneys for Defendant
     Personal Audio, LLC